### STATE ex rel. KREBS v. CAVE, State Treasurer.
### No. 1215.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

See, also, State ex rel. Krebs v. Junod (La. App.) 150 So. 64.

Chas. A. Holcombe, of Baton Rouge, for appellant.

Geo. M. Wallace, Asst. Atty. Gen., for appellee.

ELLIOTT, Judge.

Bernard L. Krebs alleges that he is a duly qualified elector ·and registered voter of this state, residing in ward 16, precinct 10, of the city of New Orleans; that on January 5, 1933, during regular office hours, he called at the office of Jess S. Cave, treasurer of the state of Louisiana, at the Capitol of the state in the city of Baton Rouge, for the purpose of demanding the right to examine and inspect the public records kept by and contained in the office of said treasurer and used by him in the performance of the duties and functions of state treasurer; that he was informed by A. L. Junod, an employee of the state treasurer therein and the person next in authority to said Cave, that Cave, state treasurer, was absent therefrom; that exercising his right as a qualified elector, he verbally and in writing claimed of said Junod, the person next in authority, the right to examine and inspect certain books and records enumerated in his petition, said books and papers being public records contained in said office. A copy of the written demand referred to in his petition is annexed to and made part of same.

He alleges that it was the ministerial duty of the state treasurer, or during his absence of the person next in authority, to immediately permit the exercise of the right, which he demanded under the law, Act No. 242 of 1912, except under certain conditions, which the said Junod did not ascribe as the reason for his refusal; that he exhibited to said Junod evidence of the fact that he was entitled to exercise the right, but Junod refused to permit him to examine the records and did not ascribe any reason therefor at all.

He prayed that a writ of mandamus issue to said Cave in his capacity as state treasurer ordering him to permit said inspection and examination to be made.

An alternative writ issued and Jess S. Cave appeared in his capacity as treasurer in response thereto and urges as an exception to plaintiff's demand that his petition disclosed no right or cause of action. He, at the same time, under reserve of his exception, filed an answer. The court sustained the exception of no right or cause of action and dismissed the suit. Relator has appealed.

The only question involved in the present appeal is whether the petition of the relator sets forth a right or cause of action against Jess S. Cave, treasurer of the state of Louisiana, under the terms and provisions of Act No. 242 of 1912, as amended. In acting on this exception, we take into account the letter annexed to and made part thereof, which reads as follows:

"Mr. Jess S. Cave
"Treasurer of the State of Louisiana
"Baton Rouge, La.
"Dear Sir:
"In my capacity as the duly qualified elector of the State of Louisiana, evidence of which will be procured on your demand or

request, I do hereby request and demand the right and privilege of examining and inspecting and making such memoranda as I may desire thereof, from the following records of your office to-wit: the Fund Book, the Sundry Ledger of Disbursements and the records of State Bank deposits and State Bank Loans and the record of all balances carried in the various State Funds, all of this for the year ending December 31st, 1932.

"This application is made under the provisions of Act 242 of 1912 and particularly Section 6 thereof.

"Your Truly,"

The lower court did not give written reasons for its ruling, but according to the briefs and argument, it was because Jess S. Cave, state treasurer, is alleged to have been absent from his office at the time the request was made.

The Constitution of 1921, article 5, § 18, provides that: "The Treasurer shall * * * have authority to appoint and remove at pleasure an assistant, who in the absence of his chief, or in case of his inability to act, or under his direction, shall have authority to perform all the acts and duties of the office."

Under section 6 of Act No. 242 of 1912, any elector has the right to inspect the public records in the office of the treasurer.

Under section 8 he has the right to make data of any record that he has the right to examine.

Under section 9 it is made the duty of the person having custody or control, to permit the examination to be made and the person in custody or control is prohibited from making inquiry of any person, authorized by the act to make an examination, as to his purpose in making it, except to the extent necessary to establish that the person applying is an elector or taxpayer.

The law, Code of Practice, art. 834, provides that the writ of mandamus "may be directed to public officers to compel them to fulfil any of the duties attached to their office, or which may be legally required of them."

There is some argument on the part of respondent about the meaning of the clause in the Constitution, "or under his direction," but that is a matter which would require us to go beyond the scope of the present inquiry. We will merely say, in passing, that language practically the same may be found in the Constitutions of 1913 and 1898, art. 79.

Respondent's argument in favor of the ruling, looked at in the light of the constitutional and statutory provisions mentioned, attaches too much importance to the person in charge of the office at the time demand is made. The averment, that the demand was made on an employee of the state treasurer and the person next in authority to the chief of the office, satisfies the requirement of the law. The letter by means of which the written demand was made, addressed to Jess S. Cave, treasurer of the state of Louisiana, is a demand on him in his official capacity, through Junod, his assistant, who in his absence "had authority to perform all the acts and duties of the office." Cave cannot urge his own absence to curtail the authority and duty of his assistant left in charge, for the reason that the authority and duty of his assistant as to the "acts and duties of the office" are not based on the instructions which the treasurer may or may not have given concerning an application made to examine his books, during his absence, but on the constitutional and statutory provisions mentioned, according to which the officer in charge of the office and having custody and control of the records is charged with the duty to perform all the acts and duties of the office.

Jess S. Cave was therefore officially present, received relator's demand, and through his assistant, Junod, refused him the right to which, under his averments, he was entitled under the law, Act No. 242 of 1912, as amended. When Cave returned and resumed his official status, which may have been the next day for all we know, he took over and made his own the acts of his assistant to the extent that he does not disavow them. For the purpose of the present procedure, it is sufficient to say he has not, by the exception on which we are acting, disavowed the acts of his assistant but adopts and acts on same just as if he had personally received and refused the demand.

Under respondent's theory the enforcement of Act No. 242 of 1912 as amended would, if the treasurer were so disposed, be uncertain, subject to chance, whereas the law intends prompt compliance on the part of the officer in whom the law has invested the authority and the duty of performance in the name of his chief in the event his chief is absent at the time demand is made.

We think that the averments in the petition of the relator, taken in connection with the copy of the letter thereto annexed, state a right and a cause of action against the treasurer, and that the treasurer should respond thereto.

The judgment appealed from is therefore annulled, avoided, and set aside. The exception of no right or cause of action is overruled, and the case is remanded to the lower court for further proceedings; the costs of this exception and of this appeal to be paid by appellee.